UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-60557-Civ-MARRA/SELTZER

LEJUSTE FILS-AIME and
ROSENA FILS-AIME

    Plaintiffs,

vs.

HOME DEPOT U.S.A., INC.

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR REENTRY OF FINAL JUDGMENT

THIS CAUSE is before the Court upon Plaintiffs Lejuste Fils-Aime's and Rosena Fils-Aime Verified Motion for Reentry of Final Judgment filed September 1, 2006 (DE 18). The Court has carefully considered the motion, and is otherwise fully advised in the premises.

In the present motion, Plaintiffs are attempting to place themselves in a position to file an appeal from the final judgment, despite the fact that the thirty (30) day window to file such an appeal, authorized by Fed. R. App. P. 4(a)(1)(A), has long since expired. The final judgment was entered on January 6, 2006, and Plaintiffs alleged that they did not become aware of the final judgment until some time in May 2006, citing "unknown reasons." Plaintiffs failed to point to any Federal Rule of Civil Procedure permitting the Court to reenter Final Judgment, the effect of which Plaintiffs believe, will restart the thirty (30) day appeal period anew.

Rule 4(a)(6) of the Federal Rules of Appellate Procedure clarifies when parties may reopen the time to file an appeal. Rule 4(a)(6) permits the Court to "reopen the time to file an appeal for a period of 14 days" but only if three conditions are satisfied. The second of these

conditions, Fed. R. App. P. 4(a)(6)(B), requires the motion to be filed either "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier."  Plaintiffs filed the present motion on September 1, 2006, well over one hundred eighty days after the entry of Final Judgment on January 6, 2006.  As the Advisory Committee Notes to Fed. R. App. P. 4(a)(6) explain, "Even with respect to those cases, [that the 7 day period triggers] an appeal cannot be brought more than 180 days after entry, no matter what the circumstances. . . [Rule 4(a)(6)] establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal. . . "  Advisory Committee Notes to 2005 Amendment.

   Alternatively, the seven day window is triggered by notice as controlled by Federal Rule of Civil Procedure 77(d), which defines notice as either through service by the clerk of the court pursuant to Fed. R. Civ. P. 5(b) or by the opposing party.  Plaintiffs allege they did not receive notice of the final judgment until May 2006.  Noting that Plaintiffs do not specify the manner by which they received notice, and assuming that Plaintiffs did not receive notice until the end of May 2006, Plaintiffs still waited over three months to file their motion on September 1, 2006.  This ninety day time period far exceeds the seven day window permitted by Fed R. App. P. 4(a)(6)(B) upon receiving notice.

Accordingly, the date of Plaintiff's motion falls well beyond both measuring periods, foreclosing Plaintiff's opportunity to extend the appeal period as a matter of law. It is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reentry of Final Judgment **(DE 18)** is **DENIED**.

**DONE AND ORDERED** in Chamber at West Palm Beach, Palm Beach County, Florida, this 20th day of August, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
Stewart Lee Karlin
Kevin David Smith
Anne Marie Estevez